# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORRIS MILLS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE GOVERNOR OF THE<br>STATE OF CALIFORNIA, et al.,<br><br>    Defendants. | CASE NO. 1:08-cv-00034-AWI-GSA PC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. 9)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(Doc. 1) |

**Screening Order**

**I.    Findings and Recommendations Vacated**

Plaintiff Norris Mills ("Plaintiff") is a prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed this action on January 7, 2008. On September 2, 2008, the Court issued a recommendation that this action be dismissed, without prejudice, for failure to exhaust prior to filing suit. After obtaining an extension of time, Plaintiff filed an objection on October 7, 2008. Because Plaintiff's objection gives rise to a factual dispute, the Court will vacate its recommendation of dismissal for failure to exhaust. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 921 (2007); Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).

---

[1] Although Plaintiff asserts in his complaint that this is a class action, it is not. A non-attorney proceeding pro se may bring his own claims to court, but may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

1

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## III. Plaintiff's Claims

Plaintiff is currently housed at the North Fork Correctional Facility in Sayre, Oklahoma. The events giving rise to the claims in this action occurred while Plaintiff was housed at Kern Valley State Prison in Delano, California. Plaintiff alleges that his rights under the United States Constitution were violated by his housing placement in a gym at the prison. Plaintiff alleges that the gym was overcrowded, and that inmates housed there were exposed to asbestos and given polluted drinking water. Plaintiff names Governor of the State of California and the Director of the California Department of Corrections and Rehabilitation ("CDCR"), and is seeking money damages and injunctive relief.

1 **A. Claim for Injunctive Relief**

Because Plaintiff is no longer housed at Kern Valley State Prison, his claim for injunctive relief is moot and he may seek only money damages in this action. Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991).

**B. Eighth Amendment Violations**

Because overcrowding by itself is not a constitutional violation, Plaintiff's bare allegation of overcrowding does not give rise to a viable claim for relief under section 1983. Doty v. County of Lassen, 37 F.3d 540, 544 n.1 (9th Cir. 1994). Further, Plaintiff's conclusory allegation of asbestos exposure and polluted drinking water falls short of supporting a claim.

While elaborate details are not required, Fed. R. Civ. P. 8(a), Plaintiff's allegations must enable the Court to determine that the conditions complained were sufficiently grave to support a claim for violation of the Eighth Amendment, Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). Conditions do not violate the Eighth Amendment unless they pose a substantial risk of harm. Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The circumstances, nature, and duration of the deprivations are critical in determining whether the conditions complained of are grave enough to form the basis of a viable Eighth Amendment claim, and it is unclear from the complaint where the asbestos was located and how the exposure occurred, and how or with what the water was polluted. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2006).

**C. Linkage Deficiency**

Finally, under section 1983, Plaintiff is required to show that each defendant named in the complaint (1) acted under color of state law, and (2) committed conduct which deprived Plaintiff of a federal right. Hydrick v. Hunter, 500 F.3d 978, 987 (9th Cir. 2007). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Id. at 988 (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by

others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff may not seek to impose liability on Governor Schwarzenegger and the Director of CDCR based merely on their positions of authority. Id. Plaintiff must allege sufficient facts linking the defendants to the violation of his constitutional rights.

**IV.  Conclusion and Order**

Plaintiff's complaint fails to state a claim for relief under section 1983. The Court will provide Plaintiff with leave to amend to cure the deficiencies identified by the Court in this order. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. The Findings and Recommendations filed on September 2, 2008, is VACATED;
3. Plaintiff's complaint is dismissed for failure to state a claim, with leave to file an amended complaint within **thirty (30) days** from the date of service of this order; and

4. If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **March 11, 2009**     /s/ **Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE